UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
                                                                        :
CERTAIN UNDERWRITERS AT LLOYDS, LONDON,       :
INDIAN HARBOR INSURANCE COMPANY, QBE          :
SPECIALTY INSURANCE COMPANY, STEADFAST        :
INSURANCE COMPANY, GENERAL SECURITY           :
INDEMNITY COMPANY OF ARIZONA, UNITED          :
SPECIALTY INSURANCE COMPANY, LEXINGTON        :
INSURANCE COMPANY, HDI GLOBAL                 : Civil Action No.: 1:23-CV-05096
SPECIALTY SE, OLD REPUBLIC UNION              :
INSURANCE COMPANY, GEOVERA SPECIALTY          :
INSURANCE COMPANY, and TRANSVERSE             :
SPECIALTY INSURANCE COMPANY                   :
                                                                        :
                    Petitioners,                                        :
                                                                        :
V.                                                                      :
                                                                        :
                                                                        :
DUPUY STORAGE & FORWARDING, L.L.C.            :
                                                                        :
                    Respondent,                                         :
                                                                        :
------------------------------------------------------------------------x

## DUPUY STORAGE & FORWARDING, L.L.C.'S RESPONSE TO PETITION FOR ORDER DESIGNATING AND APPOINTING AN UMPIRE IN AN ARBITRATION

Respondent, DUPUY STORAGE & FORWARDING, L.L.C. ("RESPONDENT"), by

andthrough its undersigned counsel, hereby states its response to Petitioner's Petition for Order

Designating and Appointing an Umpire in an Arbitration, responding to the individually numbered

paragraphs as follows:

## PARTIES

1. Admitted.

2. Admitted.

3. Admitted.

4.  Admitted.

5.  Admitted.

6.  Admitted.

7.  Admitted.

8.  Admitted.

9.  Admitted.

10. Admitted.

11. Admitted.

12. Admitted.

## **JURISDICTION AND VENUE**

13. Admitted.

14. Admitted.

15. Admitted.

16. Admitted.

17. Admitted.

## **FACTS**

**A.  The Policy's Arbitration Clause**

18. Admitted.

19. Admitted.

20. Admitted.

21. Admitted.

22. Admitted.

23. Admitted.

24. Admitted.

25. Admitted.

**B.  Dupuy's Claim and Louisiana Lawsuit**

26. Admitted.

27. Admitted.

28. Admitted.

29. Admitted.

30. Admitted.

31. Admitted.

**C.  The arbitration's Commencement and the Parties' Disagreement Over the Umpire**

32. Admitted.

33. Admitted.

34. Admitted.

35. Admitted.

36. Denied. There is nothing in the arbitration clause forbidding requests to inspect and measure damage as part of the proceeding nor any support for the contention that making such a request is improper. Further, Petitioner's own representative, Mr. Hoefer, acknowledges that part of the arbitrator's job it to determine the value of damages by stating "Their job is to act as a Tribunal, with a neutral Umpire, to render a binding decision on damages, coverage, and causation" in his email to Mr. Waters included in Petitioner's Exhibit 5. Certainly, a request to inspect and measure damage is beneficial in a damage determination.

37. Denied. Petitioner's position is contrary to the appraisal provision. The appraisal provision states "should the Arbitrators fail to agree, they shall appoint, by mutual agreement only, an Umpire to whom the matter in difference shall be referred". This provision refers to the arbitrators attempting to resolve the matter before reverting to selecting an umpire. Therefore, it was Petitioner who was incorrect in its position by failing to attempt to reach a mutual solution before selecting an umpire. (See Waters May 6, 2023 Email)

38. Denied to the extent that the paragraph infers that Mr. Caldarera or anyone on Respondent's behalf was unresponsive. To the contrary, the exhibit citations referred to by Petitioner reflects that there was an issue with attempting to confer with Mr. Sinclair. (See Waters May 5, 2023 Email)

39. Denied. The emails reflect a disagreement as to how to move forward with the arbitration.

40. Denied. The parties have both submitted umpire lists.

41. Upon information and belief, Denied.

42. Admitted to the extent that the party-arbitrator submitted the proposed umpires. Respondent can neither admit or deny Petitioner's averment that the proposed umpires are familiar with coverage disputes and New York law.

43. Admitted.

44. Denied. An objection to the proposed umpires can be inferred from Mr. Caldarera's June 8, 2023 and June 14, 2023 emails.

45. Admitted.

46. Admitted to the extent that the averment reflects Mr. Sinclair's belief, Denied as to the veracity of the belief.

4

47. Admitted to the extent that the averment reflects Mr. Sinclair's belief, Denied as to the veracity of the belief.

48. Admitted to the extent that the averment reflects Mr. Sinclair's belief, Denied as to the veracity of the belief.

49. Admitted.

50. Denied. An objection to the proposed umpires can be inferred from Mr. Caldarera's June 8, 2023 and June 14, 2023 emails.

51. Admitted that Mr. Sinclair sent the correspondence as reflected in Petitioner's exhibit 12, Denied to the extent the averment contends that Mr. Caldarera was "reassured" that each of the proposed candidates had the requisite experience. Dupuy cannot admit or deny as to the proposed umpires' requisite experience.

52. Admitted.

53. Admitted.

54. Admitted.

55. Denied. Dupuy filed a Verified Petition to Appoint Umpire in the Supreme Court of the State of New York, County of Richmond, on June 13, 2023. The filing was three (3) days prior to Petitioner's filing.

**CLAIM FOR RELIEF**

56. Admitted

57. Admitted.

58. Admitted in part, Denied in Part. It is admitted that Court intervention is required in appointing an umpire. It is Denied that this specific Court's intervention is necessary

considering Dupuy filed an identical petition in the Supreme Court of the State of New York, County of Richmond, three (3) days prior to the filing of Petitioner's Petition.

59. Denied. The arbitration provision reflects that …"the Arbitration Tribunal shall consist of persons employed or engaged in a senior position in Insurance underwriting or claims." None of petitioner's proposed umpires are employed or engaged in a senior position in Insurance underwriting or claims.

60. Denied.

61. Admitted solely that Petitioners are requesting the relief, as averred.

Dated: July 24, 2023                    Respectfully submitted,

By: /s/ William F. Merlin, Jr. Esq..
William F. Merlin, Jr. Esq.
Merlin Law Group
777 S. Harbour Island Blvd.
Suite 950
Tampa, FL 33602
Telephone: (813) 229-1000
Fascimile: (813) 229-3692

Attorneys for Respondent
Dupuy Storage & Forwarding L.L.C.