UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CERTAIN UNDERWRITERS AT LLOYDS, LONDON, et al.,<br><br>　　　　Petitioners,<br><br>　　-v-<br><br>DUPUY STORAGE & FORWARDING, L.L.C.,<br><br>　　　　Respondent. | 23-cv-5096 (JSR)<br><br>ORDER |

JED S. RAKOFF, U.S.D.J.:

　　Petitioners, Certain Underwriters at Lloyds, London, and other insurance companies, and Respondent, Dupuy Storage & Forwarding, L.L.C. ("Dupuy") ask the Court to appoint an umpire in an ongoing arbitration between petitioners and Dupuy about the scope of Dupuy's insurance coverage. Petitioners issued Dupuy a commercial property insurance policy containing an arbitration clause. Following the procedures outlined in the clause, both sides chose their own arbitrator after they failed to jointly select a a single person. The clause further provides that if "the Arbitrators fail to agree, they shall appoint, by mutual agreement only, an Umpire to whom the matter in difference shall be referred." ECF No. 4-1 ("Policy"), at 54. As happened here, however, "[i]f the Arbitrators cannot agree to an Umpire, either may request the selection be made by a judge of a New York court." Id. Petitioners submitted three retired federal judges -- Hon.

1

Michael Dolinger, Hon. John Gleeson, and Hon. Frank Maas -- for the Court's consideration and Dupuy now advances just one candidate, Robert Wittenberg, P.E., a retired former lead engineer on surety bond claims for American International Group (AIG) who is currently a senior consultant for sureties.

Although the arbitration clause provides discretion to the Court in making the selection, that discretion is not boundless. "Unless the parties otherwise agree," the arbitration clause commands, "the Arbitration Tribunal shall consist of persons employed or engaged in a senior position in Insurance underwriting or claims." Id. The parties here do not "otherwise agree," though they dispute what it means to be "employed or engaged in a senior position in Insurance underwriting or claims." Id. Dupuy interprets the provision narrowly, to cover only "those working for insurance companies, brokers, and those who represent insureds in making claims." ECF No. 26 ("Opp."), at 4. Petitioners rightly point out that the provision "does not require the umpire to work for an insurance company" so long as the umpire is "'engaged in' insurance work." ECF No. 29 ("Reply"), at 1. But petitioners advance their reading further, contending that "[f]ederal judges with insurance experience who now regularly mediate and arbitrate insurance disputes, like those the Insurers nominated here, are 'engaged' in such work." Id.

2

The Court disagrees with petitioners' capacious understanding of the arbitration clause's criterion for an umpire. Petitioners laser in on the words "engaged in," while ignoring the rest of the sentence: "a senior position in Insurance underwriting or claims." Being "engaged in" resolving disputes involving a certain field is not the same as holding a "position in" that field, whether the position is one of employment or otherwise. Collapsing that distinction, as petitioners urge the Court to do, would mean that any federal judge in this District is "engaged in a senior position in," for instance, offering securities, based on routinely hearing cases where the offering of securities is at issue. The Court rejects such an interpretation. By the same token, Dupuy's interpretation of the provision at issue to mean only "those working for insurance companies, brokers, and those who represent insureds in making claims," Opp. at 4, establishes a rigid grouping that the actual text of the clause does not supply. Returning to the actual language of the arbitration clause, the umpire may be anyone who is "employed or engaged in a senior position in Insurance underwriting or claims," in whatever capacity. Policy at 54.

All parties agree that Dupuy's suggested candidate, Robert Wittenberg, P.E., meets that requirement. But the Court refrains from appointing Wittenberg because one of the petitioners in this case, Lexington Insurance Company, is an affiliate of AIG,

Wittenberg's former employer for more than two decades. "Under any model of alternative dispute resolution, it is axiomatic that the third party must be impartial because the umpire in a tri-partite arbitration occupies a position analogous to a judge." In re Arb. Between Nat'l Union Fire Ins. Co. v. Pers. Plus, Inc., 954 F. Supp. 2d 239, 249-50 (S.D.N.Y. 2013) (alterations, ellipses, and quotation marks omitted). Although the Court has discretion to depart from candidates suggested by the parties and instead name a qualified umpire entirely of its own choosing, see Odyssey Reinsurance Co. v. Certain Underwriters at Lloyd's London Syndicate 53, 615 F. App'x 22, 23 n.2 (2d Cir. 2015), the Court will allow both sides an additional opportunity to submit three names each, by January 8, 2024. Consistent with the arbitration clause, each suggested candidate must currently be employed or engaged in a senior position in insurance underwriting or claims. If the parties instead agree to waive that requirement, as the arbitration clause allows them to do, the Court will reconsider this Order.

    SO ORDERED.

New York, NY
December _11_, 2023

                                             JED S. RAKOFF, U.S.D.J