

# MERLIN
## LAW GROUP, PLLC

125 Half Mile Road, Suite 110
Red Bank, NJ 07701
Telephone: (732) 704-4647
Fax: (732) 704-4651

January 12, 2024

**VIA ECF**
Honorable Jed S. Rakoff
United States District Court
Southern District of New York
500 Pearl Street, Room 1340
New York, NY 10007-1312

     **Re: Certain Underwrites at Lloyds, London et al. v. Dupuy Storage & Forwarding, LLC.**
     **Case No.: 1:23-CV-05096-JSR**

Dear Judge Rakoff:

     The undersigned represents Respondent in this matter. Pursuant to Your Honor's January 10, 2024 Order, please accept the following letter brief stating Respondent's objections to Petitioners' list of proposed umpires as well as Respondent's top pick from Petitioners' list.

     Respondent objects to Petitioners' nomination of both Bill Kramer and Thomas Brown. As to Bill Kramer, his Curriculum Vitae states the following:

> "…Bill focused on petro chemical losses for Starr Technical Risks, an AIG company at the time. Bill traveled throughout North America for Starr Tech for a variety of oil and petro chemical and manufacturing losses, including Handling Texaco losses at their refineries and petro chemical plants in North and South America.:

     In Your Honor's December 11, 2023 Order, Your Honor refrained from appointing Respondent's proposed umpire, Robert Wittenberg, P.E., because of Mr. Wittenberg's prior affiliation with AIG as one of the Petitioners in this matter, Lexington Insurance Company, is an affiliate of AIG. Similarly, Mr. Kramer has performed significant work for Starr Technical Risks, which was an AIG company at the time of his employment. Due to Mr. Kramer's previous work experience and ties with an AIG company, Mr. Kramer should be disqualified for the same concerns associated with Mr. Wittenberg.

     Petitioners also nominated Thomas S. Brown. A review of Mr. Brown's CV reflects that he is currently employed as a mediator and has never held a position, let alone a senior position, in insurance underwriting or claims. Your Honor's December 11, 2023 Order stated the following:

> "The Court disagrees with petitioners' capacious understanding of the arbitration clause's criterion for an umpire. Petitioners laser in on the words "engaged

T2128714.DOCX;1

in," while ignoring the rest of the sentence: "a senior position in Insurance underwriting or claims." Being "engaged in" resolving disputes involving a certain field is not the same as holding a "position in" that filed that field, whether the position is one of employment or otherwise. Collapsing that distinction, as petitioners urge the Court to do, would mean that any federal judge in this District is "engaged in a senior position in" for instance, offering securities, based on routinely hearing cases where the offering of securities is at issue. The Court rejects such an interpretation.

Respondent objects to Mr. Brown's nomination as Mr. Brown is not "employed or engaged in a senior position in insurance underwriting or claims" as required by the terms of the applicable insurance policy. Mr. Brown's experience as an attorney and mediator does not qualify him as "being employed or engaged in a senior position in insurance underwriting or claims" for the same reason as the three (3) retired federal judges were not qualified to serve as the umpire.

Based on the above, Respondents are left with one potential candidate to pick as its top pick from Petitioners' list in accordance with Your Honor's Order, Marcus Reath.

Respectfully Submitted,

/s/ *Daniel W. Ballard*
Daniel W. Ballard, Esq.

DWB/rf
Enclosure

T2128714.DOCX;1